**LA–Z–BOY CHAIR COMPANY,**
**Plaintiff,**

v.

**David REED, Defendant.**

No. Civ–1–89–82.

United States District Court,
E.D. Tennessee, S.D.

June 27, 1990.

Phillip A. Fleissner, Fleissner, Cooper & Marcus, Chattanooga, Tenn., for plaintiff.

Stephen Crofford, Nashville, Tenn., for defendant.

## MEMORANDUM

EDGAR, District Judge.

The issue in this case is whether David Reed has a claim for worker's compensation benefits under the laws of the State of Tennessee. More specifically, the issue is whether he has suffered an "injury" as that term is defined by Tenn.Code Ann. § 50–6–102(a)(4). That statute provides:

> "Injury" and "personal injury" means an injury by accident arising out of and in the course of employment which causes either disablement or death of the employee and shall include occupational diseases arising out of and in the course of employment which cause either disablement or death of the employee.

The Tennessee Workers' Compensation Law in Tenn.Code Ann. § 50–6–301 further defines the term "occupational diseases" as follows:

> As used in the Workers' Compensation Law, the term "occupational diseases" shall mean all diseases arising out of and in the course of employment. A disease shall be deemed to arise out of the employment only if:
>
> (1) It can be determined to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment;
>
> (2) It can be fairly traced to the employment as a proximate cause;

(3) It has not originated from a hazard to which workers would have been equally exposed outside of the employment;

(4) It is incidental to the character of the employment and not independent of the relation of employer and employee;

(5) It originated from a risk connected with the employment and flowed from that source as a natural consequence, though it need not have been foreseen or expected prior to its contraction; and

(6) There is a direct causal connection between the conditions under which the work is performed and the occupational disease. Provided, further, that diseases of the heart, lung, and hypertension arising out of and in the course of any type of employment shall be deemed to be occupational diseases.

La–Z–Boy Chair Company ("La–Z–Boy") filed this action seeking a declaration of its non-liability to its former employee, David Reed. This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. §§ 2201 and 2202. Defendant Reed has in effect counterclaimed for worker's compensation benefits.

Reed claims that he is permanently disabled as a result of exposure to 1.1.1 trichloroethane while employed at La–Z–Boy. Mr. Reed's case is based upon the testimony of Dr. Fred Furr, who practices a curious form of medicine known as "clinical ecology." Without dwelling upon the precise nature of what a clinical ecologist is, it is Dr. Furr's opinion in this case that Mr. Reed was exposed to 1.1.1 trichloroethane (methyl chloroform) while employed at La–Z–Boy; that this exposure caused Mr. Reed to develop a "chemical sensitivity" to various other chemicals and odors; that this chemical sensitivity has resulted in shortness of breath, general respiratory problems, lack of endurance and swelling in Mr. Reed's eyes; and that Mr. Reed is, therefore, permanently disabled for the purposes of the Tennessee Workers' Compensation Law.

The problem with Dr. Furr's testimony is that there is no medical or scientific basis whatsoever for it. Dr. Furr's contention that somehow Mr. Reed's exposure to 1.1.1 trichloroethane caused a disregulation or suppression of Reed's immune system cannot be explained medically. It is only a theory which is not generally accepted by the medical profession. As such, Dr. Furr's opinion cannot be relied upon to sustain Mr. Reed's case. *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1209 (6th Cir.1988).

While Mr. Reed may have had some moderate exposure to 1.1.1 trichloroethane at La–Z–Boy, that exposure was well below ambient air limits set by the Occupational Safety and Health Administration ("OSHA"), and would not have had any effect whatsoever on him.[1] There is no evidence that exposure to 1.1.1 trichloroethane causes any of the symptoms which Mr. Reed now has.

A worker's compensation award cannot be based upon conjecture. It must be based on material evidence. *Parker v. Ryder Truck Lines, Inc.*, 591 S.W.2d 755, 759 (Tenn.1979). Mr. Reed has presented the Court with no such evidence. Mr. Reed does have some medical problems. However, they did not arise out of and in the course of his employment at La–Z–Boy as specified by Tenn.Code Ann. §§ 50–6–102(a)(4) and 50–6–301.

**1.** Mr. Reed's wife currently works at La–Z–Boy in the same department as Mr. Reed last worked.